UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ROGER YATES,<br><br>                    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. C19-5151RBL<br><br>ORDER |

THIS MATTER is before the Court on Petitioner Yates's Motion to Vacate Set aside or Correct his Sentence under 28 U.S.C. § 2255 [Dkt. # 1] and on Yates Motion to Appoint Counsel [Dkt. # 4]. Yates was convicted on two counts of Brandishing a Firearm during a Crime of Violence (18 U.S.C. § 924(C)(1)(A)(ii)), predicated on two separate convictions for Armed Bank Robbery (28 U.S.C. § 2113(a) and (d)). He was sentenced on October 12, 2007. He appealed (though not on the grounds he asserts here) and the judgment was affirmed with a mandate dated December 18, 2008. The effective date[1] of this Motion is May 2, 2018.

---

[1] Yates filed his petition in the Ninth Circuit, apparently believing he had previously sought § 2255 relief. The Ninth circuit determined that he had not, and transferred the case here.

**A. § 924(c)(3)(B)'s Unconstitutionality Does Not Entitle Yates to Habeas Relief.**

The Supreme Court has already held that the "crime of violence" language in the residual clause of the ACCA (18 U.S.C. § 924(e)) and the INA (18 U.S.C. § 16(b)) is unconstitutionally vague. *See Johnson v. United States* , ___ U.S. ___, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (April 17, 2018), respectively. Yates argues that similar language in 18 U.S.C. § 924(c)(3)(B), which authorizes heightened criminal penalties for using a firearm in connection with a federal "crime of violence," is similarly unconstitutional. Four days after the government filed its Answer [Dkt. #] to Yates's Petition, the Supreme Court agreed. *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (June 24, 2019). It held that 18 U.S.C. § 924(c)(3)(B)[2] is unconstitutionally vague.

Accordingly, the government's argument that *Johnson* and *Dimaya* did not make §924(c)(3)(B) unconstitutional is moot.

The government argues first that Yates's Petition is untimely. A petitioner seeking relief under § 2255 has one year from (1) his date of conviction, (2) the date on which a government-created impediment to making such a motion is removed, (3) the date on which the facts supporting the claims presented could have been discovered, or (4) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

[2] 18 U.S.C. § 924(c)(3): "For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
    ***
    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

.

by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f).

The government's primary timeliness argument is that even if *Dimaya* set out a new rule that applied to Yates (and it did not), he did not file his petition within a year of that opinion. But *Davis* did set out a new rule, under which Yates has a better claim. If anything, his petition is premature.

Second, the government argues that Yates's claim is procedurally defaulted, because he did not ever argue that § 924(c)(3) was unconstitutionally vague, even though Justice Scalia had first forecast the vagueness problem six months before Yates was sentenced. Nor did Yates raise that issue in his appeal. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

"Cause" excusing a procedural default includes "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A claim was not reasonably available if it is based on a Supreme Court decision that "explicitly overrule[d] one of [its] precedents." *Reed v. Ross*, 468 U.S. 1, 17 (1984).

"Actual prejudice" exists when there is a reasonable probability that the court would have imposed a lighter sentence without the error to which the petitioner failed to object. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Yates does not address these issues, but the government's third and best argument[3]—that Yates's federal armed bank robbery convictions are "crimes of violence" under § 924(c)(3)*(A),* without reference to the now-unconstitutional §924(c)(3)(B)—makes it clear that Yates can show neither.

Under 18 U.S.C. § 924(c)(3), the term "crime of violence" is an offense that "is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

Regardless of the validity or constitutionality of § 924(c)(3)(B)'s residual definition, courts in this Circuit and elsewhere have consistently held that even unarmed bank robbery is a crime of violence under the elements or force clause of § 924(c)(3)(A). *See United States v. Watson*, 881 F.3d 782 (9th Cir. 2018). This Court so held in *Armstrong v. United States*, Cause No. 16-cv-5826RBL (Dkt. # 22, July 19, 2017), and that Order was affirmed (Dkt. #s 30 and 31 in that case). It relied on numerous other cases so holding:

> Post-*Johnson*, at least three circuit courts have already engaged in this or a similar analysis to determine armed bank robbery satisfies § 924(c)'s force clause. *See United States v. McNeal*, 818 F.3d 141, 157 (4th Cir.), *cert. denied*, 137 S. Ct. 164, 196 L. Ed. 2d 138 (2016), and *cert. denied sub nom. Stoddard v. United States*, 137 S. Ct. 164, 196 L. Ed. 2d 138 (2016) (holding bank robbery and armed bank robbery are crimes of violence under the force clause); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 830, 197 L. Ed. 2d 72 (2017) (concluding bank robbery through intimidation is a crime of violence because it "requires the threat to use physical force"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding a conviction for armed bank robbery "clearly meets" § 924(c)'s definition of a "crime of violence" because it includes a force element). And just as many district courts in the Ninth Circuit have denied habeas relief on this ground. *See United States v. Hearn*, No. 06-CR-133-LRH-VPC, 2017 WL 2974937, at *5 (D. Nev. July 12, 2017) (denying petitioner habeas relief because even if Section 924(c)'s residual clause is void-

---

[3] The government also argues that Yates cannot overcome his procedural default because Justice Scalia had already signaled the eventual end of the residual clause in various places, even though it took 12 years for the rest of the Court to agree. It argues, somewhat counterintuitively, that even though the argument was doomed to fail in 2008, Yates had to raise it to preserve it.

for-vagueness, armed bank robbery remains a crime of violence under the force clause); *United States of America v. Stain*, No. 02- CR-201-LRH-NJK, 2017 WL 2974951, at *7 (D. Nev. July 12, 2017) (same); *McFarland v. United States*, No. CR 00-1025-JFW, 2017 WL 810267, at *5 (C.D. Cal. Mar. 1, 2017) (denying petitioner habeas relief because armed bank robbery "categorically [qualifies] as a crime of violence under Section 924(c)(3)(A)"); *United States v. Abdul-Samad*, No. 10-CR-2792-WQH, 2016 WL 5118456, at *5 (S.D. Cal. Sept. 21, 2016) (denying petitioner habeas relief because "[a]rmed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) is a categorical match to the elements/force clause of § 924(c)(3)(A)"). This Court agrees with its sister-courts and adopts their analyses.

[Dkt. #22 at 4].

Yates's convictions remain constitutional even after *Davis* because armed bank robbery meets the definition of "crime of violence" in § 924(c)'s force clause, even if (and even after) Davis invalidated its residual clause. Yates's petition is denied, even if it specifically relied on *Davis*.

**B.  Evidentiary Hearing.**

The government argues, and the Court agrees, that there is no need for an evidentiary hearing on Yates's § 2255 petition. He has not plead, and even with an attorney could not succeed, on a claim that his convictions were not for "crimes of violence" under § 924(c)(3)(A). His Motion for Appointment of Counsel [Dkt. # 4] is therefore DENIED.

**C.  Certificate of Appealability.**

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists could disagree with the court's resolution of his constitutional claims and that any dispositive procedural ruling is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Davis* announced a new rule. The Court does not believe it helps Yates, but there will

presumably be a raft of new opinions in its wake. Because reasonable jurists could disagree as to whether *Davis* entitles Yates to habeas relief, the Court **will** issue a Certificate of Appealability.

The habeas petition is DENIED.

IT IS SO ORDERED.

Dated this 15th day of August, 2019.

Ronald B. Leighton
United States District Judge